IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:08CR501**

**ANTONIO L. FRANCIS,**

Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 52). The Government has responded. For the reasons that follow the § 2255 Motion will be DENIED on the grounds Claim One is barred by the statute of limitations and Claim Two lacks merit.

## I. PROCEDURAL HISTORY

Petitioner pled guilty to possession of a firearm by a convicted felon. (Plea Agreement ¶ 1, ECF No. 27.) On October 16, 2009, the Court entered judgment and sentenced Petitioner to ten years of imprisonment. (J. 2, ECF No. 41.) Petitioner did not appeal.

On February 21, 2016, Petitioner executed his § 2255 Motion and presumably mailed the same to the Court. (§ 2255 Mot. 7.)[1] The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Petitioner contends that he is entitled to relief because:

Claim One  "The sentencing court received and relied on false, erroneous PSR/PSI information as to criminal history, causing defendant to be harshly and wrongly sentenced." (§ 2255 Mot. 4.)

---

[1] The Court employs the pagination assigned to Petitioner's submissions by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Petitioner's submissions.

Claim Two  "The Supreme Court's 'vagueness doctrine' of the *Johnson* decisions are of effect in this case as due to issues involving Defendant's designation as an Armed Career Criminal." (*Id.* at 5.)

## II. ANALYSIS

### A. Claim Two Lacks Merit

In *Johnson v. United States*, the Supreme Court described the impact of the Armed Career Criminal Act ("ACCA") on federal gun laws and noted that:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the [ACCA] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

135 S. Ct. 2551, 2555 (2015) (citations omitted).

The ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. *Id.* at 2557.

Petitioner did not receive an enhanced sentenced under the ACCA. Thus, the Supreme Court's decision in *Johnson* is irrelevant to his conviction and sentence. *See United States v. Hare*, 820 F.3d 93, 105–06 (4th Cir.), *cert. denied*, 137 S. Ct. 460 (2016). Accordingly, Claim Two will be DISMISSED.

## B. Claim One is Untimely

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> 
> **(1)** the date on which the judgment of conviction becomes final;
> 
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under 28 U.S.C. § 2255(f)(1), Petitioner's conviction became final in 2009. Thus, his § 2255 Motion that he filed in 2016 is untimely unless Petitioner demonstrates some basis for a belated commencement of the limitation period or some equitable basis for avoiding the limitation period. He has not done so. Accordingly, Claim One will be DISMISSED as barred by the statute of limitations.

## III. CONCLUSION

Petitioner's claims will be DISMISSED. Petitioner's § 2255 Motion (ECF No. 52) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 29 2018
Richmond, Virginia